We will call the cases off the oral argument calendar in the order in which they are listed. The first is Dimcheff v. Bay Valley, we may go ahead if you're ready. Good morning, John Vaught appearing on behalf of the appellants. Welcome to San Francisco. Good morning, Paul Jasper on behalf of Appellee Bay Valley Pizza. Founders, this case is before this court from a dismissal from the district court of my client's complaint. Under a rule 12.6 motion to dismiss, refer you to state of cause of action. Specifically, the district court determined that my client's complaint had failed or was barred by the applicable statute of limitations and had specifically failed to plead sufficient facts under the doctrine of equitable tolling. Obviously, we disagree with this decision, that's why we're here today. We feel that the decision of the district court was erroneous in that under the seminal case of Bollinger and the elements of Bollinger, the district court determined that the one element, which is the dilatory tactics element, had not been met. We specifically pled in at least five or six paragraphs of the complaint the dilatory tactics as well as the deceptive tactics on behalf of the defendant that we believed met the requirements that would allow the doctrine of equitable tolling to apply. It seems to us that under the Federal Rules of Civil Procedure where we have notice pleading and we have put the defendants on notice that we are claiming the equitable tolling doctrine and we have pled at least seven paragraphs worth of facts that we believe are deceptive in nature and or dilatory in nature, that we should be at least entitled to offer evidence to support these claims and that these matters are really issues of fact that need to be tried by the trier of fact as opposed to dismissed at the early stages. Now, these dilatory acts were in jerking you back to Michigan on two occasions, I think. Is that correct? In part. In part, yes. And the representations made to the court at the time that your second California action was filed and then opposite inconsistent representations made to the Michigan court once you got back there. To a certain extent, you're correct, Your Honor. What happened in California was that there was an argument made that the case should be First of all, I should point out to the court that the case in California, the California 2 case, was timely filed. Well, you say timely filed, but what about the two-year statute? It wasn't timely filed within the two-year statute, was it? This case has to do with a breach of written contract. I know, but you also allege, I thought, a tort or an oral contract of some kind, maybe an implied covenant contract that would be a two-year statute. Correct. But you're really concerned with the four-year statute here. I'm only concerned with the four-year statute. All right. And under the four-year statute, we timely filed what we refer to as California 2 back in July of 1999. That's correct. The district court dismissed the case in April of the year 2000, determining in part that, in fact, we had failed to meet the Michigan district court's order and requirements of going back to the Michigan district court. When she dismissed the case and we went back to Michigan, the district court in Michigan specifically held, and I read from the decision, the court's restriction on the refiling of the counterclaims against BVP was intended to limit the restatement of DGI's counterclaims while this suit remained pending, not to limit DGI's ability to file a separate lawsuit once the lawsuit is complete. Right. So then you come back and you file California 3. And at that point in time, the statute of limitations is in the run. How much time elapsed between what happened in Michigan and the filing in California? The second one? I believe six or seven months. How many? Six or seven months, Your Honor. Between the filing of California 2 and the filing of California 3? No, between the filing of California 2 and the Michigan court's determination. Yeah, but then Michigan court determined, and then what did you do? Came right back to California within the month. And how long did it take you to file? I believe I received a notice of the decision from the Michigan district court. It's in my pleading, sir, I mean the papers. I believe it was like two weeks after I received the order from the Michigan district court that I filed. Yeah. So, yeah, okay. And then you filed 3. Then I filed 3, and now 3 is what we're doing here, is that we were dismissed. And so to answer your question, that in part is what some of the tactics I was arguing. And the other tactics that we alleged in our complaint occurred the first, I'm sorry, in the second case that was in Michigan, when we were before the court and about a year and a half into the case, all of a sudden the defendants in that case decided that they were not going to respond to discovery that at the last minute that the attorney that my client had in Michigan had a conflict of interest, and then they sandbagged us at the same time. They raised that conflict point after the litigation had been pending for a year and a half? In Michigan. That was the first time. First of all, the case was filed in California and removed to Michigan. When I'm in Michigan, we're going along in the case, we do discovery, they're asking for continuances, continuances, finally given extensions, all of a sudden they come up at one point in time and say, we're not going to give you the discovery because your attorney in Michigan has a conflict of interest, and oh, by the way, here's a motion for summary judgment. The judge grants the motion for summary judgment because we have no opportunity to respond to it, and that's the one that led to the judge saying if you want to ever refile. And so that's the second part of my argument of the dilatory tactics is there's two parts to it. When does a tactic become good lawyering and when does a tactic become dilatory? That's a good question. It seems to me that it's an issue for a jury to make a determination as to whether, in fact, it is good lawyering or whether it's dilatory deceptive. Are you relying only on Bollinger or in any respect on the general doctrine of equitable tolling under California law? I'm relying on the general equitable tolling doctrine, although Bollinger seems to be the seminal case that sets forth the requirements. So you think Bollinger and the equitable tolling law in California are one and the same? To a certain extent, yes. The equitable tolling doctrine in California actually has two parts. The second part I don't believe applies in this case. There's a whole line of cases that don't even apply to this type of a case. So to answer your question is, yes, I believe the equitable tolling doctrine applies. The problem in California is there's kind of two different roads, if you want, you can take. You can argue one road or the other road. The second road is- You're taking the Bollinger road. Yes. I don't know if I've answered your question properly. And so the only point we're making here is the fact that my client has not had his opportunity to proceed on the merits of the case. But for the argument to the district court that we needed to go back to Michigan and then run all and then lose the time that we're back in Michigan, we would have been in the district court in California and we would have probably been done with the case at this point in time. And that's all my argument is, is but for their erroneous and deceptive arguments and the district court's erroneous determination, that's one of the requirements by Bollinger is that there's erroneous determination. And I don't think there's any question that the district court made a wrong decision because when we get back to Michigan, the district court judge back there says, I never meant to say that you couldn't file it someplace else. I just said if you ever want to file a counter complaint back in this case. But you're right. When we're back here, the underlying lawsuit was already dismissed, so there is no counter complaint to file, so what are you doing here? In fact, I went back to Michigan kicking and screaming. I'm like, I don't know what I'm doing here. Now, in this case, the defendant will argue before you that the decision by the district court back in Michigan was a two-part decision. One was to dismiss or to deny the motion to reopen, and I don't disagree with that. I didn't have any basis to reopen the case at that point in time because the Rule 60B motion, which allows me to reopen in one year, had already run. And, in fact, it had already run by the time the district court in California had dismissed my case. And that's another one of the deceptive arguments or tactics that I'm arguing here is that they're arguing in front of the district court here in San Francisco saying, well, you've got to go back to Michigan knowing full well that my Rule 60B motion in Michigan had already run. There was a one-year statute of limitation pursuant to the rules of the procedure. So I kind of feel like we've been whipsawed. The whole time all the plaintiff wants to do is get his day in court, and every time he tries to get his day in court, somebody bumps him. We're finally back in district court here in San Francisco, and the district court says, oops, statute of limitations has run. I'm like, well, we're arguing equitable tolling. At least give us an opportunity to present evidence in front of a trial that would give us then the opportunity to determine whether in fact the doctrine of equitable tolling applies. Judge Chesney says that you didn't plead dilatory tactics. Correct. Correct that you did not plead dilatory tactics? No. Correct that she said that. Correct that she said that. I disagree that I did not plead dilatory tactics. I believe we have seven or eight different paragraphs. For example, 25, BBP, disingenuously opposed, things like that? Correct. The other thing is, as I pointed out in my brief before this court, Your Honor, is that there's a line of cases in California that have indicated that dilatory tactics are not necessary. In fact, you can have deceptive tactics, which are sufficient to meet the dilatory tactic requirement. And I believe that both the actions of the defendants in this case. Is that the Bollinger line or another line? Under the Bollinger line. All right. That's the third prong to the Bollinger line. Correct. That they've indicated that, in fact, you can have deceptive or dilatory tactics. And I believe our argument in this case is that the defendant did both deceptive and dilatory tactics. Thank you, counsel. We'll hear from the other side. Then we'll give you an opportunity to respond. Good morning. I wanted to start by, number one, saying we disagree that there were any dilatory or deceptive actions in this case, but I'll put that aside for a minute because I think there's a more important focus. The reason why Dimcheff in this case, the appellant, was unable to bring their action by the time the statute ran was not based on any of the actions of Bay Valley Pizza that are discussed in the complaint. Rather, they're based on two things. Number one, after the time that the second California action was dismissed, which was in April 2000, Dimcheff had another four and a half months in which they could have gone to Michigan and filed a new action within the statute of limitations period. That period did not run until September 5th, I believe, of 2000. Dimcheff nevertheless waited seven months from the time the second California, I'm sorry, seven and a half months from the time the second California action was dismissed and first sought to reopen the case in Michigan in December of 2000. At that point, the statute of limitations, which they had every ability to file before running, had already expired by some three months. The second reason why they're in the position that they're in is that despite the fact that the Michigan court dismissed the case with prejudice with the condition that it could be refiled upon a showing of new evidence, Dimcheff allowed three years to go by without offering any new evidence. And, in fact, that is why the Michigan court ultimately decided that they could not open the case. We think on that basis alone. Wait a minute. The Michigan court granted Bay Valley's motion for summary judgment because Dimcheff had not responded to the discovery. And determined that there was insufficient evidence, I guess, to permit the case to go forward, so dismissed it, but said if you want to come forward with some other evidence, apparently it was dismissed without prejudice as to Bay Valley. That's correct. And it could come forward. Now, so what you're saying was then either in Michigan or perhaps in California, then Dimcheff could have filed his complaint again and did not do so. That's correct. And how much time elapsed from that Michigan decision until California 3 was filed? Between the dismissal in October 22nd of 98, California 3 was filed on March 29th of 2001, so that would have been two and a half years. Let's see. Yeah, two and a half years. Ultimately. But you argued the filing in California was wrong because the court retained jurisdiction in Michigan. You argued that in the California district court. We argued that in any event, wherever Dimcheff sought to refile, they had to show that they had new evidence. We also argued that they had to seek leave of the Michigan court based on a showing that they had new evidence. That's correct. And Dimcheff has essentially argued that we misrepresented that order, and that order is before the court. It was attached to Dimcheff's amended complaint in California 3. And we think there is no dispute that the representation of what that order said was a reasonable and certainly not in bad faith representation of the California court. Not only that, but the California court, California 2, when they dismissed the case in part based on the failure to seek leave and show new evidence, they had before them that Michigan order and had every opportunity to reach the same conclusion that we did, which was that in order to refile this case, Dimcheff. But California 2 was filed within the four-year statute, wasn't it? That's correct. And then if you had just left California 2 alone and it had proceeded in California, we wouldn't even be here today. That's correct. What you did is you then got the court to send it back to Michigan because on a representation that the Michigan court had reserved jurisdiction and anything to be filed had to be filed in Michigan. Wasn't that the ground? That's correct. We understood. Then that's exactly what Dimcheff did. It went back to Michigan, just like the court told it. And then here's from the Michigan court that, oh, no, no, you shouldn't be back here. I didn't mean to reserve jurisdiction or anything else. And he immediately then files, after that, files his California action, California 3. Now, where's the dilatory act there? Are you asking where's their dilatory act or where is ours? Well, the dilatory act is not between the Michigan court the second time around deciding not to reopen the case and refiling California 3. Their lack of diligence and the reason why the statute ran was because they waited seven months between California 2 and going to Michigan to refile. It sounds very much to me, picking up on where Judge Thompson left off, as though you're arguing the merits of equitable tolling. This whole thing begins to sound that way. And you're responsible in one respect for having the case go back to Michigan. Had it not been for that, it would have been timely filed, and as Judge Thompson said, we'd never be here. What bothers me about what Judge Chesney did is it seems that she granted summary judgment without granting summary judgment because she says, here by contrast plaintiff has not pleaded that defendant engaged in dilatory tactics. And although plaintiff asserts defendant's engaged in deceptive tactics, the record does not support this contention. So it seems to me that she's getting into the record and making a decision one way or another as a matter of law. And so this sounds to me that she's jumped ahead and dealt with this as a matter of summary judgment instead of on a 12b-6. I would disagree, Your Honor. Well, then what does she mean when she says the record doesn't support that the defendant engaged in deceptive tactics? That sounds to me like a quintessential finding of fact. I would say there's two things that she looked at. One was that there's a lack of causation. Regardless of whether or not the arguments that were brought by Bay Valley in California 2 and in the second Michigan action were deceptive or dilatory, and we disagree that they were, regardless, there's no allegation in the amended complaint that shows any causation. It does not show that those acts in any way prevented Dimcheff during the following four-and-a-half months from filing an action. Dimcheff on its own will failed to file within that four-and-a-half months. It was entirely in their control, and there's not even a factual allegation in the amended complaint that would suggest that the arguments made by my client in Michigan 2, I'm sorry, in California 2 and then in Michigan 2, caused them not to be able to file within that four-and-a-half months. The Bollinger line of cases is a situation in which there was an original action filed, and it runs essentially past the statute of limitation period. And that is in part based on, in Bollinger, it was a number of continuances that were sought by the IRS. And based on those continuances, that original action ran beyond the statute. Then that case was erroneously dismissed. And at that point, the plaintiff had no ability to refile because the first action, which was timely filed, had ran beyond the statute of limitation period. That's not the case here. The statute of limitation period had not run when California 2 was dismissed. They're essentially arguing that we engaged in some kind of improper acts with respect to obtaining the dismissal of California 2, and therefore the statute ran. But that's plainly incorrect from the pleadings, because at the time California 2 was dismissed based on arguments, there was another four-and-a-half months for Demchev to bring an action within Michigan. And, in fact, based on the timing, if they had brought an action in Michigan, whether they sought to reopen or they sought to file a new action, and they were found and the Michigan court decided they couldn't go forward in Michigan, they would have had more than enough time to refile in California. It sounds like an argument to me that equitable tolling doesn't apply, not as a matter of law that the case is out. Well, equitable tolling as a matter of law does not apply, and there's no argument that California 3, which is what is before the court, was not filed within the statute of limitations period. So if equitable tolling does not apply as a matter of law, then clearly the statute of limitations has run and the case is barred as a matter of law. You have 25 seconds to sum up. Okay. The other – I would invite the court – unfortunately I have 20 seconds. We think it's a less important point because the causation issue, we think, commands the decision. But if you look at the arguments that were made before the California 2 court and the Michigan court, there is no inconsistency. We made the same argument across the board, which was a reasonable interpretation, that they had to seek leave of the Michigan court based on bringing new evidence. We never changed that argument before the Michigan court. So you were wrong in the Michigan court? We were – we had a reasonable misunderstanding of – Reasonable misunderstanding. Yes. Gotcha. Thank you, counsel. Which didn't lead to this problem. I understand I just have a few seconds. I want to respond to your question. I went back and looked at my file. It was – the California 3 was filed within a couple of weeks of filing – finding out about the Michigan action. Also, in response to his point, which was we had three and a half to four months after California 2 was dismissed to go back to Michigan and refile, that's not true. Judge Chesney said the complaint is subject to dismissal for failure to comply with the order of the court, which meant that I had to go back to Michigan and file a motion to reopen. I couldn't file a complaint. I could have just seen what would have happened if I had filed a complaint in Michigan. They would have filed a motion to dismiss because you hadn't filed a motion to reopen. I mean, we were just being whipsawed all over the place. Well, couldn't you have done that the next week? Filed what? In Michigan. Why did you wait for as long as you did? Well, as I pointed out in my papers, my problem – the problem with my client was that he was impecunious at that point and was going through a bankruptcy, and it took him a long time to just find an attorney to file the motion in Michigan. So where does that inure to anyone's benefit in a statute of limitations context? Meaning? I couldn't find a lawyer, so the statute of limitations is told? I'm not saying that. Obviously, one of the defenses to the doctrine of equitable tolling that he can raise is the fact that my client acted in a dilatory fashion in not filing the action in a timely fashion. But, again, these are all questions of fact that have to go before a trier of fact and shouldn't be dismissed on a 12B6 motion. Thank you both. The case is well-argued and well-briefed. It stands submitted. We'll get you a decision as soon as we can. Thank you.
judges: Weiner,thompson, Trott